1   **WO**                                                                    KM

2

3

4

5

6                      **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF ARIZONA**

8

9   Tommie L. Henderson, Jr.,            )   No. CV 12-1438-PHX-GMS (JFM)
                                          )
10          Plaintiff,                    )   **ORDER**
                                          )
11   vs.                                  )
                                          )
12   Joseph M. Arpaio,                    )
                                          )
13          Defendant.                    )
    _____       )

14

15          On July 3, 2012, Plaintiff Tommie L. Henderson, Jr., who is confined in the Maricopa

16   County Lower Buckeye Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C.

17   § 1983 and an Application to Proceed *In Forma Pauperis*.  On July 30, 2012, the Court

18   denied the Application to Proceed with leave to re-file.  On August 7, 2012, Plaintiff filed

19   a new Application to Proceed.  In an October 10, 2012 Order, the Court granted the new

20   Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a

21   claim.  The Court gave Plaintiff 30 days to file an amended complaint that cured the

22   deficiencies identified in the Order.

23          On October 10, 2012, Plaintiff filed a "Motion for a Determination on the Application

24   to Proceed *In Forma Pauperis*."  Because the Court has granted Plaintiff's Application to

25   Proceed *In Forma Pauperis*, the Court will deny the Motion as moot.

26          On October 29, 2012, Plaintiff filed his First Amended Complaint (Doc. 12).  The

27   Court will dismiss the First Amended Complaint with leave to amend.

28   . . .

**JDDL-K**

1    **I.       Statutory Screening of Prisoner Complaints**

2            The Court is required to screen complaints brought by prisoners seeking relief against

3    a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

4    § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

5    claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

6    be granted, or that seek monetary relief from a defendant who is immune from such relief.

7    28 U.S.C. § 1915A(b)(1), (2).

8            A pleading must contain a "short and plain statement of the claim *showing* that the

9    pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not

10   demand detailed factual allegations, "it demands more than an unadorned, the-defendant-

11   unlawfully-harmed-me accusation."   Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

12   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

13   statements, do not suffice." Id.

14           "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

15   claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly,

16   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

17   that allows the court to draw the reasonable inference that the defendant is liable for the

18   misconduct alleged." Id.  "Determining whether a complaint states a plausible claim for

19   relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

20   experience and common sense." Id. at 1950.  Thus, although a plaintiff's specific factual

21   allegations may be consistent with a constitutional claim, a court must assess whether there

22   are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

23           But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

24   must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th

25   Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards

26   than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89,

27   94 (2007) (*per curiam*)).

28           If the Court determines that a pleading could be cured by the allegation of other facts,

1   a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the
2   action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court
3   should not, however, advise the litigant how to cure the defects.  This type of advice "would
4   undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225,
5   231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was
6   required to inform a litigant of deficiencies).  The Court will dismiss Plaintiff's First
7   Amended Complaint for failure to state a claim, but because the First Amended Complaint
8   may possibly be saved by amendment, will dismiss the First Amended Complaint with leave
9   to amend.

10  **II.      First Amended Complaint**

11          In his three-count First Amended Complaint, Plaintiff sues Maricopa County Sheriff
12  Joseph M. Arpaio.

13          In Count One, Plaintiff claims that he was denied his right to assistance under the
14  Americans with Disabilities Act.  Plaintiff claims that he suffers from a mental disability and
15  was denied the ability to communicate with family because he was not given assistance in
16  finding a phone number.

17          In Count Two, Plaintiff alleges that his rights under the Rehabilitation Act were
18  violated when jail staff failed to accommodate him and "failed to investigate, or take
19  [Plaintiff's] request for assistance under consideration."  Plaintiff further claims that
20  Defendant is liable for failing to train his officers in assisting those with mental disabilities.

21          In Count Three, Plaintiff claims his Fourteenth Amendment rights were violated when
22  he "was denied equal access to the due process rights afforded as a citizen, [his] right to
23  equal protection afforded by the disability act and its amendments [were] violated by Sheriff
24  Arpaio and his Officers."

25          Plaintiff seeks money damages and injunctive relief.

26  **III.     Failure to State a Claim**

27          **A.      Failure to Train**

28          To state a claim for failure to train, a plaintiff must allege facts to support that the

1  alleged failure amounted to deliberate indifference.  <u>Cannell v. Lightner</u>, 143 F.3d 1210,
2  1213 (9th Cir. 1998).  A plaintiff must allege facts to support that not only was particular
3  training inadequate, but also that such inadequacy was the result of  "a 'deliberate' or
4  'conscious' choice" on the part of the defendant. <u>Id.</u> at 1213-14; <u>see</u> <u>Clement v. Gomez,</u> 298
5  F.3d 898, 905 (9th Cir. 2002) (a plaintiff must allege facts to support that "in light of the
6  duties assigned to specific officers or employees, the need for more or different training is
7  [so] obvious, and the inadequacy so likely to result in violations of constitutional rights, that
8  the policy[]makers . . . can reasonably be said to have been deliberately indifferent to the
9  need." (quoting <u>City of Canton v. Harris</u>, 489 U.S. 378, 390 (1989))).

10  Plaintiff has not alleged facts demonstrating that Defendant Arpaio's failure to train
11  jails staff was the result of a deliberate or conscious choice or that the need for more or
12  different training is so obvious that Defendant Arpaio can be said to be deliberately
13  indifferent to the needs of inmates with mental health problems.  Accordingly, Plaintiff has
14  failed to state a claim against Defendant Arpaio.

**B.**  **Americans with Disabilities Act and Rehabilitation Act-Counts One and Two**

"The Rehabilitation Act is materially identical to and the model for the ADA, except
that it is limited to programs that receive federal financial assistance." <u>Armstrong v. Davis</u>,
275 F.3d 849, 862 n.17 (9th Cir. 2001) (internal quotations omitted).  Title II of the ADA
was expressly modeled after § 504 of the Rehabilitation Act.  <u>Zuckle v. Regents of the
University of California</u>, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999) ("there is no significant
difference in analysis of the rights and obligations created by the ADA and the Rehabilitation
Act").  Because the ADA has a broader scope, the Ninth Circuit analyzes both Acts under
an ADA standard. <u>Armstrong</u>, 275 F.3d at 862.  This Court follows the Ninth Circuit and
discusses Plaintiff's claims in the context of the ADA.

In order to state an ADA claim, a plaintiff must first demonstrate that he:
(1) is a handicapped person;[1] (2) that he is otherwise qualified; and that prison

---

[1] The ADA requires that the impairment substantially limit one or more of the
individuals major life activities.  "Major life activities" include "functions such as caring for

1
2
officials' actions either (3) excluded his participation in or denied him the benefits of a service, program, or activity; or (4) otherwise subjected him to discrimination on the basis of his physical handicap.

3  Duffy v. Riveland, 98 F.3d 447, 455-56 (9th Cir. 1996).

4       In addition, in order to state a claim for damages, Plaintiff must also show

5  discriminatory intent on the part of Defendants.  Ferguson v. City of Phoenix, 157 F.3d 668,

6  674 (9th Cir. 1998).

7       Finally, although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S.

8  519, 520-21 (1972), conclusory and vague allegations will not support a cause of action.

9  Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

10  Further, a liberal interpretation of a civil rights complaint may not supply essential elements

11  of the claim that were not initially pled.  Id.

12       Plaintiff's allegations in Counts One and Two are extremely vague.  Plaintiff has

13  failed to adequately describe the nature and extent of his disability, precisely what services

14  he was denied, and what accommodations he requires.  Further, Plaintiff has failed to allege

15  any facts showing that Defendant Arpaio or the jail staff acted with discriminatory intent.

16  Accordingly, Plaintiff has failed to state a claim in Counts One and Two.

17       **C.    Count Three**

18       As with Counts One and Two, Plaintiff's claims in Counts Three are extremely vague.

19  Plaintiff does not describe how his due process or equal protection rights were violated or

20  how staff's failure to assist him with communication violates due process requirements.

21  Plaintiff has failed to state a claim in Count Three.

22  **IV.  Leave to Amend**

23       For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for

24  failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may

25  submit a second amended complaint to cure the deficiencies outlined above.  The Clerk of

26  Court will mail Plaintiff a court-approved form to use for filing a second amended complaint.

27
28  oneself, performing manual tasks, walking, seeing, speaking, breathing, learning and working."  29 C.F.R. § 1630.2(I).

1   If Plaintiff fails to use the court-approved form, the Court may strike the second amended

2   complaint and dismiss this action without further notice to Plaintiff.

3       If Plaintiff files a second amended complaint, Plaintiff must write short, plain

4   statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2)

5   the name of the Defendant who violated the right; (3) exactly what that Defendant did or

6   failed to do; (4) how the action or inaction of that Defendant is connected to the violation of

7   Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that

8   Defendant's conduct.  See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

9       Plaintiff must repeat this process for each person he names as a Defendant. If Plaintiff

10  fails to affirmatively link the conduct of each named Defendant with the specific injury

11  suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to

12  state a claim.  **Conclusory allegations that a Defendant or group of Defendants have**

13  **violated a constitutional right are not acceptable and will be dismissed**.

14      Plaintiff must clearly designate on the face of the document that it is the "Second

15  Amended Complaint."  The second amended complaint must be retyped or rewritten in its

16  entirety on the court-approved form and may not incorporate any part of the original

17  Complaint or First Amended Complaint by reference.  Plaintiff may include only one claim

18  per count.

19      A second amended complaint supersedes the original Complaint and First Amended

20  Complaint.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v.

21  Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will

22  treat the original Complaint and First Amended Complaint as nonexistent.  Ferdik, 963 F.2d

23  at 1262.  Any cause of action that was raised in the original Complaint or First Amended

24  complaint is waived if it is not raised in a second amended complaint.  King v. Atiyeh, 814

25  F.2d 565, 567 (9th Cir. 1987).

26  . . .

27  . . .

28  . . .

**V.      Warnings**

**A.      Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

**B.      Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.      Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.      Possible "Strike"**

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second  amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**E.      Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik, 963 F.2d at

1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's October 10, 2012 Motion for a Determination on the Application to Proceed *In Forma Pauperis* (Doc. 10) is **denied as moot**.

(2)     The First Amended Complaint (Doc. 12) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(3)     If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(4)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 26th day of November, 2012.

G. Murray Snow
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  Change of Address.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  Certificate of Service.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  See Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>       Attorney for Defendant(s)
> _____
> (Signature)

9.  Amended Complaint.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  See Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  Exhibits.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  Letters and Motions.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3. <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

3. <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,        )
                                          )
(Full Name of Plaintiff)                  )
                    Plaintiff,            )
                                          )
                    vs.                   )    **CASE NO.** _____
                                          )        (To be supplied by the Clerk)
(1)_____ ,      )
(Full Name of Defendant)                  )
(2)_____ ,      )
                                          )    **CIVIL RIGHTS COMPLAINT**
(3)_____ ,      )    **BY A PRISONER**
                                          )
(4)_____ ,      )    ☐ Original Complaint
                    Defendant(s).         )    ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.    )    ☐ Second Amended Complaint

## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
     ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
     ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
     ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

Revised 3/9/07                                   1                              **550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:
_____ at _____.
(Position and Title)                                                                        (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
_____ at _____.
(Position and Title)                                                                        (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
_____ at _____.
(Position and Title)                                                                        (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____ at _____.
(Position and Title)                                                                        (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?      ☐ Yes      ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.

    ☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
    ☐ Excessive force by an officer      ☐ Threat to safety   ☐ Other: _____

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies:**

    a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes    ☐ No

    b.    Did you submit a request for administrative relief on Count I?      ☐ Yes    ☐ No

    c.    Did you appeal your request for relief on Count I to the highest level?      ☐ Yes    ☐ No

    d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail          ☐ Access to the court        ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion       ☐ Retaliation
   ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                           ☐ Yes     ☐ No
   b.   Did you submit a request for administrative relief on Count II?              ☐ Yes     ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?    ☐ Yes     ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail            ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property        ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies.**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                  ☐ Yes   ☐ No
b.    Did you submit a request for administrative relief on Count III?              ☐ Yes   ☐ No
c.    Did you appeal your request for relief on Count III to the highest level?    ☐ Yes   ☐ No
d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

**E.  REQUEST FOR RELIEF**

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____              _____
                             DATE                                          SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)


**ADDITIONAL PAGES**

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.