**WO**                                                                                                          JDN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tommie Lee Henderson, Jr., | No. CV 12-1438-PHX-GMS (JFM) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, | |
| Defendant. | |

Plaintiff Tommie Lee Henderson, Jr., brought this civil rights action under 42 U.S.C. § 1983 against Maricopa County Sheriff Joseph M. Arpaio (Doc. 14). Before the Court is Defendant's Motion to Dismiss for failure to exhaust administrative remedies (Doc. 19), to which Plaintiff did not respond.

The Court will grant Defendant's motion and terminate the action.

**I.      Background**

Plaintiff's claim arose during his confinement at the Maricopa County Fourth Avenue Jail (Doc. 14 at 1). In his Second Amended Complaint, Plaintiff alleged that his rights under the Americans with Disabilities Act (ADA) were violated when jail staff denied him assistance in obtaining his attorney's phone number (id. (Doc. 14 at 3-6)[1]). Plaintiff averred that he suffers from memory problems as a result of a learning disability, diagnosed chemical imbalance, and a head injury. Plaintiff stated that upon his arrest, a police officer assisted

---

[1] Additional citation refers to the page number in the Court's Case Management/Electronic Case Filing system.

Plaintiff in obtaining the phone number of his attorney and wrote it on a piece of paper. According to Plaintiff, when he was booked into the jail, his personal possessions, including the phone number, were confiscated. Plaintiff claimed that jail staff refused to assist him in obtaining the phone number and, consequently, he was excluded from using the phones, canteen, and mail because he could not call an outside party to set up the required pre-pay services. Plaintiff alleged that he was therefore denied participation in the jail's services because of his disability (id.).

Defendant now moves to dismiss the Second Amended Complaint on the grounds that (1) Plaintiff failed to exhaust administrative remedies as required under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), and (2) he failed to state a claim under the ADA (Doc. 19).

**II.   Motion to Dismiss**

In support of the exhaustion argument, Defendant submits the affidavit of Lourdes Hernandez, a Sergeant at the Maricopa County Sheriff's Office (MCSO) Bureau Hearing Unit (id., Ex. A, Hernandez Aff. ¶ 1). Hernandez states that the inmate grievance procedure is set forth in MCSO Policy DJ-3, which provides a three-tiered system: (1) the initial grievance and decision by the Bureau Hearing Officer; (2) the Institutional appeal; and (3) the External appeal (id. ¶¶ 3-4). Hernandez also states that inmates are notified of these grievance procedures when they receive a copy of the "MCSO Rules and Regulations for Inmates" and the grievance steps are set forth on the face of the inmate grievance form (id. ¶¶ 4-5).

Hernandez explains that under Policy DJ-3, an inmate must initiate a grievance within 48 hours of the event giving rise to the complaint (id. ¶ 8). She avers that she searched the grievance records maintained by MCSO for Plaintiff and found that he filed three grievances during his incarceration (id. ¶¶ 6-7). One grievance filed by Plaintiff related to his complaint that he was unable to make calls because a phone number given to him had been taken away (id., Attach. 4). This grievance, which is attached to Hernandez's affidavit, was submitted on May 8, 2012, and Plaintiff thereafter filed an Institutional appeal and indicated that he

- 2 -

1 sought to forward his complaint to the External Referee (id. (Doc. 19-1 at 24-28)).

2     Defendant relies on this evidence to argue that Plaintiff failed to timely exhaust
3 administrative remedies (Doc. 19 at 4). Defendant asserts that Plaintiff was booked into the
4 jail on March 20, 2012, and that, according to his allegations, he claimed that his personal
5 possessions, including the telephone number, were confiscated on that date (id.). Defendant
6 contends that, under the MCSO grievance policy, Plaintiff was required to submit a grievance
7 about this claim within 48 hours of March 20, 2012, but failed to do so (id.). Defendant
8 notes that in Sergeant Hadler's response to Plaintiff's grievance, he informed Plaintiff that
9 the grievance was untimely and should not have been accepted (id., citing Ex. A, Attach. 4
10 (Doc. 19-1 at 26)).

11     Defendant also contends that Plaintiff failed to file an External grievance; therefore,
12 he did not complete the administrative remedies and did not exhaust his complaint (id. at 6).
13 For these reasons, Defendant requests that Plaintiff's claim be dismissed (id. at 6-7).

14     The Court issued the Notice required under Wyatt v. Terhune, 315 F.3d 1108, 1120
15 n. 14 (9th Cir. 2003), which informed Plaintiff of his obligation to respond and the evidence
16 necessary to successfully rebut Defendant's contentions (Doc. 21). Shortly thereafter,
17 Plaintiff filed a Notice of Change of Address indicating his transfer to the Arizona
18 Department of Corrections (Doc. 23). The Court therefore extended the time for Plaintiff to
19 respond to Defendant's motion (Doc. 25). Plaintiff then filed a motion seeking a further
20 extension of time to file his response (Doc. 27). The Court granted Plaintiff's motion and
21 set a response deadline of July 8, 2013 (Doc. 28).

22     To date, Plaintiff has not filed a response.

23 **II.    Exhaustion**

24     **A.    Legal Standard**

25     Under the PLRA, a prisoner must exhaust available administrative remedies before
26 bringing a federal action. See 42 U.S.C. § 1997e(a); Griffin v. Arpaio, 557 F.3d 1117, 1119
27 (9th Cir. 2009). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534
28 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative

- 3 -

1   process, Booth v. Churner, 532 U.S. 731, 741 (2001).  A prisoner must complete the
2   administrative review process in accordance with the applicable rules.  See Woodford v.
3   Ngo, 548 U.S. 81, 92 (2006).
4       Exhaustion is an affirmative defense.  Jones v. Bock, 549 U.S. 199, 212 (2007).  Thus,
5   the defendant bears the burden of raising and proving the absence of exhaustion.  Wyatt, 315
6   F.3d at 1119.  There can be no absence of exhaustion unless a defendant demonstrates that
7   applicable relief remained available in the grievance process.  Brown v. Valoff, 422 F.3d
8   926, 936-7 (9th Cir. 2005).  Because exhaustion is a matter of abatement in an unenumerated
9   Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact.
10  Wyatt, 315 F.3d at 1119-20.  And when considering disputed issues of fact, a court has broad
11  discretion as to the method used in resolving the dispute because "there is no right of jury
12  trial" as to an issue arising in a pre-answer motion.  Ritza v. Int'l Longshoremen's &
13  Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).  If a court
14  finds that the plaintiff failed to exhaust administrative remedies, the proper remedy is
15  dismissal without prejudice.  Wyatt, 315 F.3d at 1120.

16  **B.    Analysis**

17  As stated, Defendant must demonstrate that there were remedies available to Plaintiff.
18  See id. at 1119; see also Brown, 422 F.3d at 936-37.  Defendant submits evidence that the
19  MCSO has an established grievance system, and, in his Second Amended Complaint,
20  Plaintiff acknowledged that administrative remedies were available at the jail (Doc. 19, Ex.
21  A, Hernandez Decl.  ¶¶ 3-4; Attach. 1; Doc. 14 at 3)).

22  Defendant argues that Plaintiff's May 2012 grievance was untimely and cannot serve
23  to exhaust a claim that arose on March 20, 2012, the date Plaintiff was booked into jail (Doc.
24  19 at 5).  The Court rejects this argument for two reasons.  First, Plaintiff's claim is not that
25  his personal possessions and phone number were wrongly confiscated the day he was booked
26  into the jail; rather, the crux of his claim is jail staff's alleged failure to assist Plaintiff in
27  obtaining the confiscated phone number (Doc. 14).  The allege failure to assist Plaintiff
28  occurred *after* his booking date.  The exact dates staff allegedly failed to assist Plaintiff are

1  not clear from the record; thus, the 48-hour time frame in which to grieve his claim cannot
2  be determined.

3  Second, and more importantly, jails officials addressed Plaintiff's grievance on the
4  merits. Although Sergeant Hadler mentioned in his response that Plaintiff's grievance was
5  not timely and should not have been accepted, he nonetheless addressed Plaintiff's complaint
6  and attempted to resolve it (id., Ex. A, Attach. 4 (Doc. 19-1 at 26)). The record also shows
7  that Plaintiff appealed Sergeant Hadler's response and the Institutional appeal was not
8  rejected for untimeliness; instead, it was accepted and responded to (id. (Doc. 19-1 at 28)).
9  Given that jail officials addressed Plaintiff's grievance on the merits, the Court will not allow
10 Defendant to go back now and reject it on procedural grounds.

11 Defendant's second argument for finding nonexhaustion, however, is correct.
12 Defendant submits evidence that Plaintiff failed to file the final External appeal (Doc. 19, Ex.
13 A, Hernandez Aff. ¶ 9). In his amended pleading, Plaintiff indicated that he initiated the
14 grievance process and submitted a request for relief to the highest level (Doc. 10 at 3-5). But
15 in failing to respond to Defendant's motion, this general assertion by Plaintiff that he
16 completed the grievance procedures is insufficient to overcome evidence that he failed to
17 complete the final step of the grievance process. Moreover, Plaintiff was specifically advised
18 that failure to respond to Defendant's motion may be treated as a consent to granting the
19 motion (Doc. 21 at 1-2).

20 In light of Defendant's evidence and Plaintiff's failure to respond, the Court finds that
21 Defendant has met his burden to show nonexhaustion, and the Motion to Dismiss will be
22 granted on this basis.[2]

---

[2] The Court notes that Defendant's second argument for dismissal—that Plaintiff fails to state a claim under the ADA—has no merit. The Court already determined on screening, under the same standard applied on a Rule 12(b)(6) motion to dismiss, that Plaintiff sufficiently stated a claim under the ADA (Doc. 16). See 28 U.S.C. § 1915A(b) ("fail[ure] to state a claim upon which relief may be granted"). Defendant presents nothing in his Motion to Dismiss to warrant reconsideration of the Court's Screening Order.

- 5 -

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendant's Motion to Dismiss (Doc. 19).

(2) Defendant's Motion to Dismiss (Doc. 19) is **granted**; the Second Amended Complaint is dismissed without prejudice for failure to exhaust administrative remedies.

(3) The Clerk of Court must enter judgment of dismissal accordingly.

DATED this 22nd day of August, 2013.

*A. Murray Snow*
G. Murray Snow
United States District Judge